**REBECCA MOCCIARO, CASBN 89777**
**LAW OFFICE OF REBECCA MOCCIARO**
**2461 Santa Monica Blvd., #835**
**Santa Monica, CA  90404**
**(310) 686-3263**
rebeccamocciaro@gmail.com

*Attorneys for Plaintiff JOHN P. CALLAS,*
*an individual*

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN P. CALLAS, an individual | ) CASE NO. |
| | ) |
| PLAINTIFF | ) **COMPLAINT FOR:** |
| vs. | ) **(A) BENEFITS ,** |
| | ) **ENFORCEMENT OF RIGHTS** |
| DIRECTORS GUILD OF AMERICA, | ) **UNDER ERISA;** |
| INC., A CALIFORNIA | ) **(B) BREACHES OF** |
| CORPORATION ; DIRECTORS | ) **FIDUCIARY DUTY IMPOSED** |
| GUILD OF AMERICA-PRODUCERS | ) **UNDER ERISA [EMPLOYEE** |
| PENSION AND HEALTH PLANS, | ) **RETIREMENT INCOME** |
| INC., A CALIFORNIA | ) **SECURITY ACT ("ERISA"), 29** |
| CORPORATION ; TRUSTEES OF | ) **U.S.C. §1001 ET SEQ.]; (C)** |
| THE DIRECTORS GUILD OF | ) **PENALTIES FOR FAILURE TO** |
| AMERICA-PRODUCERS PENSION | ) **FULLY SUPPLY REQUIRRED** |
| AND HEALTH PLANS, INC. | ) **AND REQUESTED FILES AND** |
| | ) **DOCUMENTS AND OTHER** |
| DEFENDANTS . | ) **DISCLOSURES ; AND FOR** |
| | ) **SUPPLEMENTAL STATE LAW** |
| | ) **CLAIMS PURSUANT TO 28** |
| | ) **U.S.C § 1367 (a) FOR** |
| | ) **DECLARATORY RELIEF;** |
| | ) **ACCOUNTING; AND BREACH** |
| | ) **OF CONTRACT—JURY TRIAL** |
| | **DEMANDED** |

-1-
*COMPLAINT FOR: (A) BENEFITS , ENFORCEMENT OF RIGHTS UNDER ERISA;*
*(b) BREACHES OF FIDUCIARY DUTY BY PENSION AND WELFARE FUND  (c) PENALTIES FOR FAILURE TO*
*FULLY SUPPLY REQUIRED AND REQUESTED FILES AND DOCUMENTS*
*AND OTHER DISCLOSURES; AND (d) SUPPLEMENTAL STATE LAW CLAIMS*

Plaintiff John Peter Callas ("Plaintiff") states and alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction under 29 U.S.C. Section 1132 (e).

2.      Plaintiff is informed and believes and on that basis alleges that the Directors Guild of America Producers Pension and Health Plans, Inc. (as described below) is administered, and/or the breaches alleged took place, within the Central District of California.  Thus, venue is proper under 29 U.S.C. Section 1132(e) (2) and 28 U.S.C. Section 1391.

## THE PARTIES

3.      Plaintiff is an individual residing within the jurisdiction of this Court. At all relevant times, Plaintiff has been a dues paying member in good standing of Defendant Directors Guild of America.

4.      Plaintiff is informed and believes and on that basis alleges that Defendant Directors Guild of America, Inc. ("DGA") is a duly organized California corporation with its corporate headquarters in Los Angeles, California.

5.      Plaintiff is further informed and believes and on that basis alleges that Defendant DGA is the sponsor and Administrator of, and thus serves as fiduciary

-2-

*COMPLAINT FOR: (A) BENEFITS , ENFORCEMENT OF RIGHTS UNDER ERISA;*
*(b) BREACHES OF FIDUCIARY DUTY BY PENSION AND WELFAR FUND  (c) PENALTIES FOR FAILURE TO*
*FULLY SUPPLY REQUIRED AND REQUESTED FILES AND DOCUMENTS*
*AND OTHER DISCLOSURES; AND (d) SUPPLEMENTAL STATE LAW CLAIMS*

for, Defendant Directors Guild of America Producers Pension and Health Plans, Inc. (the "Plans").

6.     Plaintiff is further informed and believes and on that basis alleges that the Plans were established by Defendant DGA, and are administered by Defendant Trustees of the Plans, a board of trustees made up of DGA and Producer representatives.

## FACTUAL BACKGROUND

7.     Plaintiff is further informed and believes and on that basis alleges that the Plans, as amended and stated, are employee benefit plans which are, at all times relevant to the matters addressed in this litigation, subject to the  provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. 1001, et seq ("ERISA") .

8.     Plaintiff, at all relevant times, was and is a participant and beneficiary of the Plans, and has thus accrued vested rights under the terms and conditions of the Plans.  As participant and beneficiary of the Plans, Plaintiff and Plaintiff's family members, including but not limited to his wife and minor child, were entitled to all health, welfare and pension benefits available to them under the terms and conditions of the Plans.

9.     Plaintiff is the sole managing member an investor in a producing entity named "Death By Solicitation, LLC." ("DBS").  The DGA contractually approved (aka "green lighted") Plaintiff and DBS's production of a film project entitled "No Solicitors" aka "Death by Solicitation".  This DGA approval allowed Plaintiff to commence production of the project, including hiring employees necessary for completion of the project, and established certain requirements and pre-requisites for Plaintiff to perform.  Plaintiff in fact performed all said requirements and pre-requisites.

10.     *Viz.*, Plaintiff, in accordance with the DGA requirements, agreed to and did pre-pay in full all salaries for below-the-line categories  who were DGA members ("above-the-line" film participants are generally the actors, producers, directors and writers; "below-the-line film participants are all other persons who work on the project).  All other employees were paid on a weekly basis.

1 1.     Moreover, Plaintiff, in accordance with the DGA requirements, also agreed to and did make all appropriate contributions to the Plans for both above and below the line categories before filming commenced.

*COMPLAINT FOR: (A) BENEFITS , ENFORCEMENT OF RIGHTS UNDER ERISA;*
*(b) BREACHES OF FIDUCIARY DUTY BY PENSION AND WELFAR FUND  (c) PENALTIES FOR FAILURE TO*
*FULLY SUPPLY REQUIRED AND REQUESTED FILES AND DOCUMENTS*
*AND OTHER DISCLOSURES; AND (d) SUPPLEMENTAL STATE LAW CLAIMS*

12.     Further, Plaintiff and the DGA expressly agreed that Plaintiff, as the director of the film, could defer paying himself a salary unless and until the film became profitable.

13.     Plaintiff is informed and believes and on that basis alleges that pursuant to the terms of the Plans (as contained in the Plan's Summary Plan Description that the Plans are required to provide to all Plan participants, including Plaintiff), these deferred director's fees constitute "covered earnings" for which contribution to the Plans (specifically, the DGA Health Plan) were made in accordance with the applicable Collective Bargaining Agreement pursuant to a deferral procedure approved by the DGA.  The DGA specifically required that all contributions to the Plans be made in advance when the directing services were rendered.

14.     Plaintiff made all such contributions to the Plans in a timely manner over a two-plus year time period.

15.     Despite having approved Plaintiff's deferred compensation arrangement, and having received and accounted for said contributions for over two years, Defendants subsequently rejected Plaintiff's contributions to the Plans for himself and for his family members, contending that because Plaintiff had

*COMPLAINT FOR: (A) BENEFITS , ENFORCEMENT OF RIGHTS UNDER ERISA;*
*(b) BREACHES OF FIDUCIARY DUTY BY PENSION AND WELFAR FUND  (c) PENALTIES FOR FAILURE TO*
*FULLY SUPPLY REQUIRED AND REQUESTED FILES AND DOCUMENTS*
*AND OTHER DISCLOSURES; AND (d) SUPPLEMENTAL STATE LAW CLAIMS*

deferred his compensation, and thus constituted unpaid earnings.  Defendants contend that the Plans do not accept contributions on unpaid earnings.

16.    As the direct and proximate result of Defendants' rejection of Plaintiff's timely and appropriate contributions to the Plans, Plaintiff and his family have been wrongfully and retroactively denied health and other benefits, to Plaintiff's and his family's significant financial detriment.   Given the Defendants' failures to properly administer the Plans, Plaintiff was unaware of the need for him to secure health insurance separate and apart from that provided by the Plans.

17.    Accordingly, Plaintiff timely appealed Defendants' decision to deny said benefits.   Defendants provided Plaintiff with varying and often contradictory bases and reasons for denying his appeal.  Said appeal was denied effective March 23, 2016.

18.    Plaintiff has fully and completely satisfied all available and appropriate administrative remedies.  Plaintiff files this litigation in support of his claims and to challenge said denial of his appeal.

///

///

*COMPLAINT FOR: (A) BENEFITS , ENFORCEMENT OF RIGHTS UNDER ERISA;*
*(b) BREACHES OF FIDUCIARY DUTY BY PENSION AND WELFAR FUND  (c) PENALTIES FOR FAILURE TO*
*FULLY SUPPLY REQUIRED AND REQUESTED FILES AND DOCUMENTS*
*AND OTHER DISCLOSURES; AND (d) SUPPLEMENTAL STATE LAW CLAIMS*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

## (AGAINST ALL DEFENDANTS FOR BENEFITS, OR FOR

## ENFORCMENT OF RIGHTS UNDER ERISA (Section 502(a)(1))

19.    Plaintiff re-alleges and incorporates by this reference paragraphs 1 through 18 of this Complaint.

20.    Plaintiff accrued vested benefits under the terms of the Plans.  At all times, Defendants generally, and the Plans specifically, had an obligation to provide Plaintiff with accurate accountings of his vested interest in the Plans, without limitation a full and accurate accounting of his rights and benefits under the Plans' Health Plan.  Moreover, at all times, Defendants had an obligation to timely advise Plaintiff if his benefits were being challenged or otherwise restricted.

21.    Defendants' (including but not limited to the Plans' fiduciaries, trustees, administrators and sponsors) actions and inactions, including but not limited to (a) failing to honor an agreement allowable under terms of the Plans pursuant to which Plaintiff was entitled to make and did make contributions to the Plans while deferring his director's salary, and (b) failing to timely advise Plaintiff that his timely and complete payments of contributions would in fact be rejected

and his health benefits denied both retroactively and prospectively, have in fact denied Plaintiff duly owed benefits and caused him and his family significant financial damages.

22.    Plaintiff is also entitled to receive a calculation, verification, and compensation for the actual amount of his vested benefits, including reimbursement for all sums paid by Plaintiff and his family for health-related procedures and services.  In addition, Plaintiff is entitled to receive all disclosures required and requested from Defendants, including but not limited to annual reports, financial reports, and the methodology and formulations used in allocating contributions (by Plaintiff and other participants in the Plans).

23.    Additionally, if is necessary to determine whether the Plans' Administrator and other fiduciaries of the Plans, including Defendant DGA as sponsor of the Plans, complied with their fiduciary duties to act prudently.

## SECOND CAUSE OF ACTION

## [AGAINST ALL DEFENDANTS FOR BREACH OF FIDUCIARY DUTIES IMPOSED UNDER ERISA]

24.    Plaintiff re-alleges and incorporates by this reference paragraphs 1 through 23 of this Complaint.

25.   As fiduciaries, the Plan Administrator and others holding fiduciary roles with the Plans, had a duty to accurately account for Plaintiff's contributions and assure a proper distribution of benefits in a timely manner to Plaintiff and his beneficiaries.

26.   ERISA imposes a prudent person standard upon fiduciaries in their operation and administration of a qualified retirement Plan. ERISA imposes certain remedies for any failure to comply with these fiduciary duties, including relief under 29 U.S.C. §1132(a)(2): (a) Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

27.   As a direct and proximate result of Defendants' above-described breaches of fiduciary duties and other misconduct, in particular by failing to recognize that Plaintiff had timely and properly made contributions to the Plans

COMPLAINT FOR: (A) BENEFITS , ENFORCEMENT OF RIGHTS UNDER ERISA;
(b) BREACHES OF FIDUCIARY DUTY BY PENSION AND WELFAR FUND  (c) PENALTIES FOR FAILURE TO
FULLY SUPPLY REQUIRED AND REQUESTED FILES AND DOCUMENTS
AND OTHER DISCLOSURES; AND (d) SUPPLEMENTAL STATE LAW CLAIMS

that were not properly honored, Plaintiff has incurred damages in as-yet unascertained amounts, to be proven at trial.

## THIRD CAUSE OF ACTION

## [AGAINST ALL DEFENDANTS FOR FAILURE TO SUPPLY REQUIRED AND REQUESTED DOCUMENTS AND OTHER DISCLOSURES]

28.    Plaintiff re-alleges and incorporates by this reference paragraphs 1 through 27 of this Complaint.

29.    The Defendant Plans had duties to automatically provide benefit statements and annual reports.  Insofar as Plaintiff made contributions in a timely manner to the Plans for at least two years which Defendants accepted without contending that Plaintiff's agreed-to deferred income invalidated said contributions, Defendants failed to properly maintain and provide appropriate records to Plaintiff.  Had he been advised at an earlier date, he could have considered obtaining replacement health insurance coverage.

30.    Defendants failed to properly advise Plaintiff and provide sufficient disclosures as required by ERISA Sections 502(a)(1)(A) and 502 (c)(1), and are thus subject to appropriate penalty assessments.

## FOURTH CAUSE OF ACTION

## [AGAINST DEFENDANTS FOR BREACH OF CONTRACT]

31.     Plaintiffs hereby incorporate the allegations included in paragraphs 1 through 30 of this Complaint.

32.     As alleged, *supra*, Plaintiff and the DGA entered into a written contract pursuant to which Defendant DGA approved Plaintiff and DBS's production of a film project entitled "No Solicitors" aka "Death by Solicitation". This DGA approval allowed Plaintiff to commence production of the project, including hiring employees necessary for completion of the project, and established certain requirements and pre-requisites for Plaintiff to perform. Plaintiff in fact performed all said requirements and pre-requisites.

33.     As alleged, *supra,* Plaintiff, in accordance with the DGA requirements, agreed to and did pre-pay in full all salaries for below-the-line categories who were DGA members ("above-the-line" film participants are generally the actors, producers, directors and writers; "below-the-line film participants are all other persons who work on the project). All other employees were paid on a weekly basis.

34.     Moreover, Plaintiff, in accordance with the DGA requirements, also agreed to and did make all appropriate contributions to the Plans for both above and below the line categories before filming commenced.

35.     Further, the agreement between Plaintiff and the DGA expressly provided that Plaintiff, as the director of the film, could defer paying himself a salary unless and until the film became profitable.

36.    Plaintiff is informed and believes and on that basis alleges that pursuant to the terms of the Plans (as contained in the Plan's Summary Plan Description that the Plans are required to provide to all Plan participants, including Plaintiff), these deferred director's fees constitute "covered earnings" for which contribution to the Plans (specifically, the DGA Health Plan) were made in accordance with the applicable Collective Bargaining Agreement pursuant to a deferral procedure approved by the DGA.  The DGA specifically required that all contributions to the Plans we made in advance when the directing services were rendered.

37.    Plaintiff made all such contributions to the Plans in a timely manner over a two-plus year time period.   All contributions (pension, health and welfare) for all DGA members, including Plaintiff, were pre-paid as part of the agreement allowing the film to proceed.

38.    Despite having approved Plaintiff's deferred compensation arrangement, and having received and accounted for said contributions for over two years, Defendants subsequently rejected Plaintiff's contributions to the Plans for himself and for his family members, contending that because Plaintiff had deferred his compensation, and thus constituted unpaid earnings.  Defendants contend that the Plans do not accept contributions on unpaid earnings.

39.    As the direct and proximate result of Defendants' rejection of Plaintiff's timely and appropriate contributions to the Plans, Plaintiff and his family have been wrongfully and retroactively denied health and other benefits, to Plaintiff's and his family's significant financial detriment.   Given the

Defendants' failures to properly administer the Plans, Plaintiff was unaware of the need for him to secure health insurance separate and apart from that provided by the Plans.

40.     Defendants breached their obligations under said contractual agreement with Plaintiff by, *inter alia,* wrongfully denying Plaintiff his health insurance benefits despite the fact that Plaintiff had met all of his contractual obligations.

41.     At all relevant times, Plaintiff performed all obligations required of him under said contractual agreement, unless said performance was waived or otherwise impossible to perform.

42.     As a direct result and proximate result of Defendants' breaches of their contractual obligations, Plaintiff has suffered damages in an amount to be proven at trial, plus interest on those damages at the maximum legal rate.

## FIFTH CAUSE OF ACTION

## [AGAINST ALL DEFENDANTS

## FOR DECLARATORY RELIEF]

43.     Plaintiff incorporates by this reference the allegations contained in paragraphs 1 through 42 of this Complaint.

44.     Plaintiff alleges and states that actual controversies have arisen and now exist among the parties regarding Plaintiff's entitlement to make

contributions to the Plans. Despite having approved Plaintiff's deferred compensation arrangement, and having received and accounted for said contributions for over two years, Defendants subsequently rejected Plaintiff's contributions to the Plans for himself and for his family members, contending that because Plaintiff had deferred his compensation, and thus constituted unpaid earnings. Defendants contend that the Plans do not accept contributions on unpaid earnings.

45. A judicial declaration of the rights and obligations of the parties is necessary and appropriate at the present time so that the parties can ascertain their rights.

## SIXTH CAUSE OF ACTION

## [PLAINTIFF AGAINST DEFENDANTS FOR AN ACCOUNTING]

46. Plaintiffs incorporate by this reference the allegations contained in paragraphs 1 through 45 of this Complaint.

47. As a result of Defendants' actions, it is extremely difficult to determine the amount that Plaintiff is entitled to under the terms and governing provisions of the Plans without an accounting.

48.     Defendants should be ordered to render an accounting to the Plans at Defendants' cost.

## REQUEST FOR RELIEF

Plaintiff  hereby prays for judgment as follows:

1.     For an accurate calculation, verification and provision of all benefits due under the Plans, and more precisely according to proof;

2.     For damages according to proof plus interest at the legal rate;

3.     For any penalties for failure and refusal to provide required information, with each penalty item separately calculated;

4.     For interest according to law;

5.     For costs of suit incurred, including attorneys' fees, according to proof;  and

6.     For such other and further relief that this Court may deem just and proper.


Respectfully submitted,

September 21, 2016              REBECCA MOCCIARO
                               LAW OFFICE OF REBECCA MOCCIARO



By:    *Rebecca Mocciaro*
       _____
       Rebecca Mocciaro

---

-15-
**COMPLAINT FOR: (A) BENEFITS , ENFORCEMENT OF RIGHTS UNDER ERISA;
(b) BREACHES OF FIDUCIARY DUTY BY PENSION AND WELFAR FUND  (c) PENALTIES FOR FAILURE TO
FULLY SUPPLY REQUIRED AND REQUESTED FILES AND DOCUMENTS
AND OTHER DISCLOSURES; AND (d) SUPPLEMENTAL STATE LAW CLAIMS**

# DEMAND FOR TRIAL BY JURY

Plaintiffs, by and through their respective counsel of record, and pursuant to the Federal Rules of Civil Procedure, demand a trial by jury of all jury-applicable claims.

September 21, 2016                    REBECCA MOCCIARO
                                      LAW OFFICE OF REBECCA MOCCIARO


By:   *Rebecca Mocciaro*
      _____
      Rebecca Mocciaro